UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ARTHUR B. ALPHIN, and ESTATE OF ELAINE MARIE ALPHIN, <br><br> Plaintiffs, <br><br> vs. <br><br> GOOSMANN LAW FIRM, and MARIE H. RUETTGERS, <br><br> Defendants. | 4:18-CV-04070-RAL <br><br><br> OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

Plaintiffs Arthur B. Alphin and Estate of Elaine Marie Alphin filed this action in state court alleging legal malpractice against Goosmann Law Firm and Marie H. Ruettgers. Docs. 1-1, 1-2. Plaintiff Arthur Alphin is proceeding pro se, both for himself and as the representative of the Estate of Elaine Marie Alphin. Based on diversity of citizenship under 28 U.S.C. § 1332, Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446. Doc. 1. After Defendants answered the complaint on June 27, 2018, this Court issued an Order for Discovery Report and Scheduling Information, on June 28, 2018. Doc. 6. Alphin filed a motion on July 30, 2018, seeking a 30-day continuance in the deadline for a Rule 26(f) meeting. Doc. 7. This Court entered an order granting that motion, Doc. 9, enlarging the time for the discovery report and scheduling information to August 24, 2018, and requiring that if the parties failed to have the Rule 26(f) meeting by that date, then they should submit separate responses to the Court by September 7, 2018. Defendants complied with the Court's order by submitting their discovery report on

1

September 4, 2018, Doc. 10, and this Court then entered a Rule 16 Scheduling Order on September 18, 2018. Doc. 11. Neither Alphin nor anyone on behalf of the Plaintiffs have filed any further pleadings since the July 31, 2018 motion seeking a continuance in the time for the Rule 26(f) meeting.

Nearly one year after this Court entered its scheduling order, Defendants filed a motion to dismiss based on Rule 41(b) of the Federal Rules of Civil Procedure. Doc. 13. With that motion, the Defendants filed an affidavit, Doc. 14, and a memorandum of law, Doc. 15. In the affidavit, defense counsel explains her efforts to schedule a Rule 26(f) meeting with Alphin, how he initially asked for additional time to get an attorney, how defense counsel chose not to object to Alphin's request for a continuance in the time for the Rule 26(f) meeting, and how Alphin in August of 2018 did not respond to multiple efforts from defense counsel to conduct a Rule 26(f) meeting or agree to a proposed discovery plan. Doc. 14 at ¶¶ 3–7. Defense counsel in the affidavit explains how the Defendants served their pre-discovery disclosure on Alphin on November 30, 2018, consistent with the discovery order, including a USB thumb drive containing 9,237 pages of documents potentially relevant to the claims and defenses, and producing 3,027 pages constituting the case files in the cases specifically mentioned in Plaintiffs' complaint. That is, the Defendants voluntarily produced 12,264 pages of documents at the end of November of 2018, organizing and sorting them by date and paginating the electronic material. Doc. 14 at ¶ 10. Alphin, despite reminders from defense counsel, never provided any pre-discovery disclosures. Doc. 14 at ¶¶ 11–12.

Despite this being an attorney malpractice case, Alphin has made no disclosure of any expert witness, despite the January 18, 2019 deadline to do so having passed. Doc. 14 at ¶ 12. Rather, Alphin has ignored communications from defense counsel and not responded to those

communications. Doc. 14 at ¶¶ 11–15. This was not a result of a bad address, as none of the letters sent by defense counsel to Alphin were returned as undeliverable and none of the emails to Alphin by defense counsel were rejected. Doc. 14 at ¶ 15. At this point, all deadlines contained in this Court's Rule 16 Scheduling Order have elapsed, with the discovery deadline having run on September 20, 2019. Doc. 11. Alphin has not participated in discovery, and indeed did not comply with the pre-discovery disclosure requirement in this Court's Rule 16 Scheduling Order. Plaintiffs have filed no response to the motion to dismiss, affidavit, and brief within the twenty-one days set by this Court's Local Rules to do so. D.S.D. Civ. L.R. 7.1.B.

Although this Court could have already dismissed this case based on Rule 41(b) of the Federal Rules of Civil Procedure, this Court chose to enter an order regarding Defendants' motion to dismiss, Doc. 16, on September 26, 2019, which ordered "that if Plaintiffs do not file a response brief within 14 calendar days of this Order, the motion to dismiss will be granted." Plaintiffs did not file a response brief within 14 days of the order. However, on October 7, 2019, the clerk of court's letter to Alphin was returned as undeliverable. Doc. 17. Based on a phone call received from one of the attorneys for Defendants, the clerk of court then mailed the order anew to the more current address that defense counsel had for Alphin.

> Rule 41(b) of the Federal Rules of Civil Procedure provides:
>
> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). The decision whether to dismiss an action based on a plaintiff's failure to prosecute or comply with a court order or follow the rules is committed to the sound discretion of the court. Ellefson v. Kenstler, No. Civ. 14-5001-JLV, 2014 WL 4385548, at *2 (D.S.D. Sep. 4,

3

2014); see also Link v. Wabash R.R. Co., 370 U.S. 626, 630–33 (1962) (finding a district court may dismiss an action under Rule 41(b) on its own initiative and without advanced notice or hearing being required). A plaintiff proceeding pro se, of course, still has an obligation to follow the Federal Rules of Civil Procedure and this Court's Local Rules. Ackra Direct Mkgt. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996); Boyce v. Interbake Foods, No. Civ. 09-4138-KES, 2011 WL 3843948, at *4 (D.S.D. Aug. 26, 2011). The Order for Discovery Report and Scheduling Information, Doc. 6, and the Rule 16 Scheduling Order, Doc. 11, are of course orders entered by this Court and incorporate obligations contained under the Federal Rules of Civil Procedure in, among other rules, Rule 26. Pro se litigants are equally bound by such rules and receive the same treatment under the rules as do parties represented by licensed counsel. Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) (per curiam). Plaintiffs plainly have failed to comply with this Court's orders and rules and the Federal Rules of Civil Procedure with regard to engaging in a Rule 26(f) meeting, providing the initial pre-discovery disclosures, or participating in discovery in any way. Moreover, Plaintiffs have failed to respond within the twenty-one days set by Local Rule to the motion to dismiss and, as of yet, have not responded even after the Court's order dated September 26, 2019, which, in fairness, Alphin might be just receiving as the Court writes this opinion and order.

There is an added shortcoming in Plaintiffs' case, particularly evident now that all discovery deadlines under the Rule 16 Scheduling Order have run. Plaintiffs' cause of action is for legal malpractice. Under South Dakota law, which would govern in this diversity jurisdiction case where the relationship between the Plaintiffs and the Defendants centered in South Dakota, a legal malpractice claim most often necessitates an expert opinion that there was legal malpractice. Zhang v. Rasmus, 932 N.W.2d 153, 162 (S.D. 2019).

As stated above, a dismissal under Rule 41(b) is considered an adjudication on the merits, unless the court specifies otherwise. The ten days from September 26, 2019, that the Court granted in its order regarding motion to dismiss, Doc. 16, have run, but it appears that the clerk of court sent the order to an outdated address of Alphin. Accordingly, in fairness to Plaintiffs, this Court will make its dismissal without prejudice to Plaintiffs filing a motion, duly supported by affidavit and legal argument in a brief, to reconsider the dismissal and reopen the case within twenty-one days of the date of this opinion and order. If there is no such motion filed or ruling to the contrary from the Court, this dismissal shall then be on the merits consistent with Rule 41(b).

Therefore, it is hereby

ORDERED that Defendants' Motion to Dismiss, Doc. 13, is granted, that the dismissal of the case is without prejudice to Plaintiffs refiling within twenty-one days of the date on this opinion and order a motion to reconsider and reinstate the case duly supported by affidavit and briefs, and that if no such motion is filed and no order to the contrary is entered by this Court, this dismissal shall be on the merits consistent with Rule 41(b) of the Federal Rules of Civil Procedure.

DATED this 15th day of October, 2019.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE